

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00300-CR

---

**GERALD ANTHONY MORGAN, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 78th District Court
Wichita County, Texas[1]
Trial Court No. DC78-CR2020-0381, Honorable Meredith Kennedy, Presiding

---

March 6, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Gerald Anthony Morgan, appeals his conviction for invasive visual recording[2] and sentence to one hundred and eighty days confinement in a state jail facility. Appellant's brief was due January 26, 2023, but was not filed. By letter of February 2, 2023, we notified Appellant's appointed counsel that the brief was overdue

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalizations efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 21.15.

and admonished him that failure to file a brief by February 13 would result in the appeal being abated and the cause remanded to the trial court for further proceedings. Appellant's counsel has not filed a brief or had any further communication with this Court to date.

We, therefore, abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent;

(3)     why a timely appellate brief has not been filed on behalf of Appellant;

(4)     whether Appellant's counsel has abandoned the appeal;

(5)     whether Appellant has been denied the effective assistance of counsel;

(6)     whether new counsel should be appointed; and

(7)     if appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by April 5, 2023. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

2

Should counsel file a brief on or before March 20, 2023, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.